THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS R. LAW, Appellant.

First Department, March 16, 1954.

*Thomas R. Law,* appellant in person.

*Harold Roland Shapiro* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* The defendant appeals from a judgment convicting him after a trial of the crimes of assault, second degree and attempted robbery in the first degree. It may be gathered from the evidence that defendant and a companion, who was not apprehended, at about the same time attacked twin brothers, Norman Haskins and Motier Haskins, and attempted to take from each a wrist watch. The indictment returned against the appellant contained seven counts. The trial court dismissed the fourth and fifth counts. The jury returned a verdict finding appellant guilty of the crimes charged in counts three and seven and acquitted as to the other counts.

Count three of the indictment charged appellant with the crime of assault, second degree, committed upon Norman Haskins. The seventh count of the indictment, however, charged appellant with an attempt to commit the crime of robbery, first degree, by attempting to take property from the other brother, Motier Haskins. The case presented to the jury by the People was whether the appellant robbed or assaulted Norman Haskins. In his opening to the jury the prosecutor said: " The issue is, did this defendant on June 20, 1952 assault the plaintiff, Norman Haskins, with a gun and rob him of his wrist watch. The purpose of this trial is to answer that question either yes or no." Similarly, the issue submitted to the jury by the trial court was whether the appellant " held up and robbed this complaining witness ".

It seems clear that upon the record thus presented the jury should not have received for consideration the count of the indictment charging attempted robbery, first degree, alleged to have been committed upon the other brother. It follows that the portion of the judgment convicting defendant of attempted robbery, first degree, and imposing sentence thereon may not stand.

We have examined the facts and find evidence sufficient to establish defendant's guilt beyond a reasonable doubt of the crime of assault, second degree. The judgment of conviction should be corrected (a) by reversing on the law that part which adjudges the defendant guilty of the crime of attempt to commit robbery, first degree, and sentences him to a term of not less than two and one-half years nor more than thirty years

on that charge and (b) by affirming that part which adjudges defendant guilty of the crime of assault, second degree and sentences him to a term of not less than two and one-half years nor more than ten years.

PECK, P. J., DORE, BREITEL, BASTOW and BERGAN, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein and, as so modified, affirmed. Settle. order on notice.